IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: BOSTON SCIENTIFIC CORP.,
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION                                    MDL NO. 2326
_____

THIS DOCUMENT RELATES TO CASE:

*Goodwin v. Boston Scientific Corp.*                              Civil Action No. 2:15-cv-03145

MEMORANDUM OPINION AND ORDER

Pending before the court is Boston Scientific Corporation's ("BSC") Motion for Summary Judgment based on Statute of Limitations [ECF No. 7]. The plaintiff has responded [ECF No. 8], and BSC has replied [ECF No. 9]. Thus, this motion is ripe for review. For the reasons stated below, BSC's motion for summary judgment is **DENIED**.

I.

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more than 70,000 cases currently pending, approximately 16,000 of which are in the Boston Scientific Corp. MDL, MDL 2326.

In the present motion, BSC moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on the grounds that the plaintiff's claims are time-barred under Florida's statute of limitations. In response, the plaintiff argues:

(1) that BSC's motion for summary judgment is premature as neither the plaintiff nor her implanting or treating physicians have been deposed, and (2) that BSC has not demonstrated, and cannot demonstrate without more discovery, that the plaintiff's claims are time-barred under Florida's statute of limitations governing defective product claims. Fla. Stat. § 95.11(3)(a).

## II.

### A. Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving

party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

B. Choice of Law

Under 28 U.S.C. § 1407, this court has authority to rule on pretrial motions in MDL cases. The choice of law for these pretrial motions depends on whether they concern federal or state law:

> When analyzing questions of federal law, the transferee court should apply the law of the circuit in which it is located. When considering questions of state law, however, the transferee court must apply the state law that would have applied to the individual cases had they not been transferred for consolidation.

*In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir.1996) (internal citations omitted). To determine the applicable state law for a dispositive motion based on the statute of limitations, I generally refer to the choice-of-law rules of the jurisdiction where the plaintiff first filed her claim. See *In re Air Disaster at Ramstein Air Base, Ger.*, 81 F.3d 570, 576 (5th Cir.1996) ("Where a transferee court presides over several diversity actions consolidated under the multidistrict rules, the choice of law rules of each jurisdiction in which the transferred actions were originally filed must be applied."); *In re Air Crash Disaster Near Chi., Ill.*, 644 F.2d 594, 610 (7th Cir.1981); *In re Digitek Prods. Liab. Litig.*, MDL No. 2:08–

md–01968, 2010 WL 2102330, at *7 (S.D.W.Va. May 25, 2010). If a plaintiff files her claim directly into the MDL in the Southern District of West Virginia, however, as the plaintiff did in this case, I consult the choice-of-law rules of the state in which the implantation surgery took place. See *Sanchez v. Boston Scientific Corp.*, 2:12–cv–05762, 2014 WL 202787, at *4 (S.D.W.Va. Jan. 17, 2014) ("For cases that originate elsewhere and are directly filed into the MDL, I will follow the better-reasoned authority that applies the choice-of-law rules of the originating jurisdiction, which in our case is the state in which the plaintiff was implanted with the product."). The plaintiff received the implant surgeries in Florida. Thus, the choice-of-law principles of Florida guide this court's choice-of-law analysis.

The parties agree, as does this court, that these principles compel application of Florida law to the plaintiff's claims. In tort actions, Florida adheres to the Restatement (Second) of Conflict of Laws ("Restatement"). *Bishop v. Fla. Specialty Paint Co.*, 389 So.2d 999 (Fla.1980). Under section 145 of the Restatement, the court must apply the law of the state with the most "significant relationship to the occurrence and the parties." Here, the plaintiff resides in Florida, the product at issue was purchased in Florida, and the product was implanted in Florida. Thus, I apply Florida's substantive law—including Florida's statutes of limitations—to this case.

### III.

Under Florida law, the statute of limitations for personal injury actions, including claims "founded on the design, manufacture, distribution, or sale of personal property," is four years from the date of injury or damage. Fla. Stat. §

4

95.11(3)(a). Accordingly, a four-year statute of limitations governs all of the plaintiff's claims.

Florida law provides that the statute of limitations runs "from the time the cause of action accrues." Fla. Stat. § 95.031. Importantly, a cause of action accrues on "the date that the facts giving rise to the cause of action were discovered, or should have been discovered with the exercise of due diligence." *Id.* § 95.031(2)(b). "The knowledge required to commence the limitation period… does not rise to that of legal certainty." *Univ. of Miami v. Bogorff,* 583 So.2d 1000, 1004 (Fla.1991). Rather, a "'[p]laintiff need only have notice of the *possible* invasion of his legal rights' discoverable 'upon the exercise of due diligence.'" *Hamrac v. Dorel Juvenile Grp., Inc.,* No. 3:09CV390/RV/MD, 2010 WL 1879278, at *4 (N.D.Fla. May 11, 2010) (internal citations omitted). Therefore, the limitation period generally "commences when the plaintiff should have known of either (1) the injury or (2) the negligent act." *Bogorff,* 583 So.2d at 1002. In product liability cases, however, in addition to having constructive knowledge of an injury, the plaintiff must have had "exposure to the product in question." *Babush v. Am. Home Prods. Corp.,* 589 So.2d 1379, 1381 (Fla.Dist. Ct.App.1991); *see also Walls v. Armour Pharm. Co.,* 832 F.Supp. 1467, 1478 (M.D.Fla.1993) ("Florida courts ha[ve] required that products liability plaintiffs have knowledge that the connection between the injury and use of the product in question was 'to some extent causal.'") (quoting *Babush,* 589 So.2d at 1381).

As evident in this court's past rulings regarding Florida's statute of limitations in this MDL, determining when a plaintiff discovered or should have discovered

5

sufficient information such that the period of limitations begins is a nuanced, fact-based decision. Further, the court closely considered the deposition testimony of the plaintiffs and their implanting and treating physicians in reaching these decisions. *See, e.g., Fleming v. Boston Scientific Corp.*, No. 2:12-cv-5131, 2015 WL 1405493, at *3–4 (S.D. W. Va. Mar. 26, 2015), *aff'd sub nom. Fleming v. Boston Scientific Corp.*, 627 F. App'x 231 (4th Cir. 2015); *and Eghnayem, et al. v. Boston Scientific Corp.*, 1:14-cv-024061, Mem. Op. and Order on Def's Renewed Mot. for J. as a Matter of Law, March 17, 2016 [ECF No. 342]. Accordingly, BSC's motion lacks the necessary factual basis to meet its summary judgment burden at this point. Following the completion of further discovery in this case, BSC may refile a motion for summary judgment based on Florida's statute of limitations. However, at this time, this motion is premature.

### IV.

For the reasons stated above, BSC's Motion for Summary Judgment [ECF No. 7] is **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 20, 2016

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE